IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CR-00047-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY JASON CHAMBERS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant *pro se* for compassionate release and a request for appointment of counsel under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 180).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, defendant cannot obtain relief from this Court when he has not first sought it through the warden at his facility. He checks a box on his motion that he has not submitted a request for compassionate release and then provides a non-coherent reason as to why not. He states that he has filed an administrative remedy with the Regional Office but does not include any documentation, showing that he has requested any such relief from the BOP. Likewise, the defendant claims to have PTSD and other mental issues but fails to provide BOP medical

records to substantiate his claims. Therefore, this Court will not consider the merits of his claim.

The defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for compassionate release and appointment of counsel (Doc. No. 180), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: January 29, 2021

Kenneth D. Bell
United States District Judge